**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| RADMILLO SAMARDZIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:21-cv-3839 |
| | ) | |
| A&T TRUCKING EXPRESS, INC., | ) | Cook County Case No. 21 M3 002385 |
| CARL D. HAMILTON, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

NOW COMES Defendant, A&T TRUCKING, LLC, incorrectly named as A&T TRUCKING EXPRESS, INC., by and through its counsel, JON P. MALARTSIK and KOPKA PINKUS DOLIN, PC, pursuant to 28 USC §§1441 and 1446, and hereby serves Notice of the Removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division. In support of the Notice, Defendant states as follows:

**I.    Introduction**

This case arises out of a lawsuit filed in the Circuit Court of Cook County, Third Municipal District, Law Division, on or about May 6, 2021. (A copy of Plaintiff's Complaint at Law is attached hereto as Exhibit A). This Defendant seeks removal based upon Diversity of Citizenship and Diversity of Jurisdiction.

The removed case is a civil action filed in the Circuit Court of Cook County, bearing Cook County Case No. 2021 M3 002385, and styled *Radmilo Samardzic v. A&T Trucking Express, Inc, et al.* As required by 28 U.S.C. §1446(a) copies of process, pleadings, and other papers or exhibits filed in the State Court are attached as Exhibit A. Plaintiff's counsel served Defendant CARL D. HAMILTON ("HAMILTON") on May 6, 2021 and has attempted service on Defendant A&T

TRUCKING, LLC, without success due primarily to the fact that it was attempting service on an unrelated, dissolved corporation known as A&T Trucking Express, LLC. Defendant A&T TRUCKING, LLC accepted service through its undersigned counsel on June 28, 2021. (See email string attached hereto as Exhibit B).

This Notice of Removal is filed within 30 days of service of the initial pleading and within one year of the commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

In the complaint, Plaintiffs allege personal injuries as a result of a motor vehicle accident which occurred on October 29, 2019 on eastbound Interstate 80 in LaSalle County, Illinois. (See Exhibit A.) Plaintiff also alleges he suffered "both temporary and permanent bodily injuries … great pain and mental suffering … has been and will continue to be in the future disabled and/or disfigured … to suffer affects to his ability to perform activities of daily life … to suffer from lost wages … [and to] become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses." Plaintiff also seeks "money damages in excess of $100,000.00." (See Exhibit A.)

## II.  Diversity of Citizenship

At all relevant times, Plaintiff, RADMILO SAMARDZIC, is believed to be a resident and citizen of the State of Illinois. (See paragraph 1 of Exhibit A).

At all relevant times, and as alleged in Plaintiff's Complaint at Law, Defendant, HAMILTON, has been and is a resident and citizen of the State of Iowa. (See Exhibit A as well as the Affidavit of Carl D. Hamilton attached hereto as Exhibit C.)

At all relevant times, and as alleged in Plaintiff's Complaint at Law, Defendant A&T TRUCKING, LLC maintains its principal place of business in the State of Iowa; is incorporated

in the State of Iowa as a limited liability corporation; and its sole member, Merima Okanovic, is a resident and citizen of the State of Iowa. (See Exhibit A as well as the Affidavit of Merima Okanovic attached hereto as Exhibit D.) As such, it is a citizen of the State of Iowa.

Accordingly, Defendant has established Diversity of Citizenship under 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1332 (c)(1).

### III.     **Amount in Controversy**

Once diversity of citizenship has been established, all that is required for removal is a "reasonable probability" that more than $75,000 is in controversy. *See Rising-Moore v. Red Roof Inns., Inc.* 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim alleged in the Complaint at Law distills the facts for the Court to determine whether it is more likely true than not that the amount in controversy excessed the jurisdictional requirement. *See McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

Here, Plaintiff has complied with Illinois pleading requirements, which call upon the plaintiff to assert that his damages are greater or less than a certain amount. In this case, Plaintiff seeks damages in excess of $100,000 based upon claims of past and future pain and suffering, injury, and future damages. (See Exhibit A.)

In addition to medical expenses, Illinois Courts allow a plaintiff to recover for each injury alleged in a complaint. *See LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 706 N.E.2d 441, 455, 235 Ill. Dec. 886 (Ill. 1998) (lost wages); *Smith v. City of Evanston*, 260 Ill. App. 3d 925, 631 N.E.2d 1269, 1279, 197 Ill. Dec. 810 (Ill. App. Ct. 1994) (disability or loss of normal life); *Holston v. Sisters of Third Order of St. Francis*, 165 Ill. 2d 150, 650 N.E.2d 985, 997, 209 Ill. Dec. 12 (Ill. 1995) (disfigurement); *Scheibel v. Groeteka*, 183 Ill. App. 3d 120, 538 N.E.2d 1236, 1248, 131 Ill.

3

Dec. 680 (Ill. App. 1989) (pain and suffering). Here, the Plaintiff RADMILO SAMARDZIC alleges nonspecific injuries, including permanent injuries, which he further alleges will give rise to future treatment, indefinitely.

Diversity Jurisdiction has been asserted in a matter involving allegations that "plaintiff presently suffer[ed] from…injuries in Illinois, where [s]he [sought] treatment and [would] continue to become obligated for large sums of money for medical and hospital care and attention." *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). Here, Plaintiff RADMILO SAMARDZIC is alleging the same in that he will continue to need care for the injuries allegedly sustained on the date of the subject incident.

When a plaintiff provides little information about the value of their claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co*., 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Court further acknowledges that whether a plaintiff *actually* recovers more than $75,000 is immaterial; "what matters is the amount put in controversy on the day of removal." *BEM I, L.L.C. v. Anthropologie, Inc*., 301 F.3d 548, 552 (7th Cir. 2002). In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Rubel v. Pfizer, Inc*., 361 F.3d 1016, 1020 (7th Cir. 2004).

In a diversity action, the court will not dismiss a case because of a jurisdictional amount deficiency "unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Based upon the allegations in Plaintiffs' Complaint, there is a reasonable probability that the amount in controversy in this case exceeds $75,000, exclusive of

interest and costs. The instant lawsuit involves a Plaintiff claiming injuries valued in excess of $100,000, well within the requirements for diversity.

Defendant has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met (*See Oshana v. Coca-Cola Co*., 472 F.3d 506, 511 (7th Cir. 2006)). Therefore, Defendant's good-faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. Per *Oshana*, Plaintiff can only defeat jurisdiction if it appears to a legal *certainty* that she cannot recover an amount that exceeds the jurisdictional amount. Such a legal certainty is absent within the four corners of the complaint; thus, the Northern District has jurisdiction over this matter.

## IV.   <u>Consent of Co-defendant</u>

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). Defendant CARL D. HAMILTON consents to the removal of the action from Illinois state court to the United States District Court for the Northern District of Illinois. (See Exhibit D.)

## V.   <u>Conclusion</u>

For the foregoing reasons, this is an action wherein the United States District Court for the Northern District of Illinois has original jurisdiction, pursuant to 28 U.S.C. §1332, because Plaintiff and each Defendant are residents and citizens of different states, and the matter in controversy exceeds the value of $75,000, exclusive of costs and interest. Accordingly, Diversity Jurisdiction exists, and this lawsuit is properly removed to this Court pursuant to 28 U.S.C. §§1441-1446.

This Notice of Removal was timely filed by the Defendant within the timeframe prescribed by this Court, pursuant to 28 USC §§1446 (b).

Plaintiff's counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, A&T TRUCKING, LLC, pursuant to 28 U.SC. §§1441, removes this action from the Circuit Court of Cook County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

By:___*/s/ Jon P. Malartsik*_____
Jon P. Malartsik
One of Defendants' Attorneys

Jon P. Malartsik
KOPKA PINKUS DOLIN, PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 -- Facsimile
E-mail: jpmalartsik@kopkalaw.com
ARDC No. 6229767

13227522

FILED
5/6/2021 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – THIRD MUNICIPAL DISTRICT, LAW DIVISION**

RADMILO SAMARDZIC, )
                  ) 20213002385
               Plaintiff, )
                  ) **No.**    Return Date: 6/7/2021
      v.                 )
                  )
PLATES & PERMITS TRUCKING SERVICES, INC.; )
A&T TRUCKING EXPRESS, INC., a/k/a and d/b/a )
PLATES & PERMITS TRUCKING SERVICES, INC., and )
CARL D. HAMILTON, both in his individual capacity and )
as an authorized agent of the above-listed parties; )
                  )    Hearing Date: 6/28/2021 9:00 AM - 9:00 AM
                  )    Courtroom Number: 0205
            Defendants. )    Location: District 3 Court
                                        Cook County, IL

## <u>COMPLAINT AT LAW</u>

NOW COMES Plaintiff, RADMILO SAMARDZIC, by and through his attorneys, NEWLAND AND NEWLAND,

LLP., complaining of Defendants, PLATES & PERMITS TRUCKING SERVICS, INC.; A&T TRUCKING EXPRESS,

INC., a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC., and CARL D. HAMILTON, both in his

individual capacity and as an authorized agent of the above-listed parties, states as follows:

### FACTS

1. Plaintiff SAMARDZIC was, at all times relevant herein, a resident of the State of Illinois, residing in the City of

Rockford, County of Winnebago, and State of Illinois.

2. At all times relevant herein, upon information and belief, Defendant Carl D. Hamilton (hereinafter referred to

simply as "HAMILTON") was a resident of the State of Iowa.

3. Upon information and belief, at all times relevant hereto, Defendant, A&T TRUCKING EXPRESS, INC, a/k/a

and d/b/a PLATES & PERMITS SERVICES, INC., (hereinafter referred to simply as "A&T") acted as either the sole

legal owner of one freightliner Semi truck vehicle, licensed in the State of Iowa, with plate no. VIN no.

1FUJAPCK74DM82111 (hereinafter simply referred to as "semi-truck" or simply "truck"), or as a co-owner along with

co-Defendant PLATES & PERMITS TRUCKING SERVICES, INC., (hereinafter referred to simply as "PLATES &

PERMITS").

4. Upon information and belief, at all times relevant hereto, Defendant HAMILTON operated, maintained, and/or

1

Exhibit A

FILED DATE: 5/6/2021 1:27 PM   20213002385

controlled this semi-truck on October 29, 2019.

5. Upon information and belief, at all times relevant hereto, Defendant HAMILTON was an employee and/or authorized agent of Defendant A&T.

6. Upon information and belief, at all times relevant hereto, Defendant HAMILTON was an employee and/or authorized agent of Defendant PLATES & PERMITS.

7. Upon information and belief, at all times relevant hereto, Defendant A&T was also itself an authorized agent of Defendant PLATES & PERMITS.

8. Upon information and belief, at all times relevant hereto, Defendant A&T maintained a leasehold with Defendant PLATES & PERMITS, over this semi-truck, with an authorization and/or lease and/or service agreement to operate and/or control this semi-truck.

9. On or about October 29, 2019, Plaintiff SAMARDZIC, operated and properly maintained and controlled a vehicle traveling eastbound on interstate I-80 in the furthest right-hand lane, at or near milepost 95 in the Township of Rutland, County of LaSalle, and State of Illinois.

10. On or about October 29, 2019, the Defendant, HAMILTON operated, maintained and controlled the aforementioned semi-truck also traveling eastbound on interstate I-80 in the furthest right-hand lane, at or near milepost 95 in the Township of Rutland, County of LaSalle, and State of Illinois.

11. On or about October 29, 2019, Defendant HAMILTON attempted to maneuver the previously-mentioned semi-truck so as to over-take the motor vehicle then and there operated by Plaintiff SAMARDZIC, and in-so-doing, struck the rear-driver's side of Plaintiff's vehicle, thereby causing a collision between Plaintiff's vehicle and the semi-truck then and there operated by Defendant HAMILTON.

12. At all times relevant hereto, upon information and belief, the Defendant PLATES & PERMITS was an Illinois-based Corporation, with its principle place of business in Cook County, acting, conducting and doing business in the State of Illinois.

13. At all times relevant hereto, upon information and belief, Defendant A&T was an Illinois-based corporation, dissolved on February 14, 2013, prior to the date of the collision which gave rise to this complaint, and, upon information and belief, but previously licensed with the "Agent Name and Information of: PLATES & PERMITS

2

Exhibit A

TRUCKING SERVICE, INC."

14.     At all times relevant hereto, both Defendants A&T and PLATES AND PERMITS maintained the *exact same address* registered with the State of Illinois, within Cook County, for their registered Agent: 4711 Midlothian Turnpike, Suite 11, Crestwood, IL 60445.

15.     Accordingly, and pursuant to 735 ILCS 5/2-613(b), where the exact relationship between Defendants is unknonw, Plaintiff proffers the theory of Defendant A&T acting as a separate party to and from co-Defendant PLATES & PERMITS and also simultaneously, proffers the theory of Defendants A&T and PLATES & PERMITS acting and being and doing business as (a/k/a and d/b/a) at all times relevant here).

> When a party is in doubt as to which of two or more statements of fact is true, he or she may, regardless of consistency, state them in the alternative or hypothetically *in the same or different counts* or defenses. A bad alternative does not affect a good one.
> (735 ILCS 5/2-613(b)(*emphasis added*)).

16.     At all times relevant hereto Defendants A&T, PLATES & PERMITS and individual-HAMILTON conducted business and provided services in the State of Illinois, including in Cook County.

17.     At all times relevant hereto the Defendant HAMILTON acted both individually and within the scope and course of his employment and/or as an agent of Defendant A&T, as a driver of the aforementioned semi-truck owned by defendant A&T as well as co-owned and/or leased by Defendant PLATES & PERMITS.

18.     On or about October 29, 2019, the semi-truck operated by Defendant HAMILTON, collided with the vehicle then and there operated by Plaintiff, SAMARDZIC.

19.     At all times relevant hereto, the view of Defendant HAMILTON was unobstructed and his view of Plaintiff SAMARDZIC's vehicle was also unobstructed.

20.     Following October 29, 2019, Defendant HAMILTON was issued Complaint no, 8317500548.

21.     Defendant HAMILTON plead guilty to complaint no. 8317500548.


**COUNT I – NEGLIGENCE – CARL D. HAMILTON, individually and as an authorized agent of PLATES & PERMITS TRUCKING SERVICES, INC.**

22.     Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and

3

FILED DATE: 5/6/2021 1:27 PM     2021D002385

Exhibit A

FILED DATE: 5/6/2021 1:27 PM   2021 3002385

every Defendant.

23.    At all times relevant hereto Defendant HAMILTON owed a legal duty to exercise reasonable care in the operation of the semi-truck to comply with any and all traffic devices and to avoid injuring other persons driving upon the roadway, including the plaintiff herein SAMARDZIC.

24.    The Defendant HAMILTON acted negligent and failed to exercise reasonable care in the operation of the semi-truck he was driving, by committing one or more or all of the following  acts and/or omissions:

    a.  Failed to maintain a proper lookout for traffic;

    b.  Failed to properly turn on and utilize his turn signal, in violation of 625 ILCS 5/11-804;

    c.  Operated his semi-truck at a rate of speed which was unsafe safe with regard to traffic conditions then and there present and the use of the highway at that present time, in violation of 625 ILCS 5/11-601(a);

    d.  Failed to properly over-take a vehicle, by moving to the left of that vehicle, in violation of 625 ILCS 5/11-703;

    e.  Failed to allow a safe distance before returning to the same lane of travel and/or same right side of roadway after overtaking a vehicle, in violation of 625 ILCS 5/11-703(a);

    f.  Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

    g.  Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601;

    h.  Defendant Hamilton plead guilty to violating 625 ILCS 6/11-601(a);

    i.  Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

25.    As a proximate result of the defendant CARL D. HAMILTON's negligent acts and/or omissions the Plaintiff, RAMILO SAMARDZIC suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make his whole again, all as a direct result of the conduct of Defendant HAMILTON.

4

Exhibit A

FILED DATE: 5/6/2021 1:27 PM    2021S003885

**WHEREFORE**, the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

A. Judgment against the Defendant, CARL D. HAMILTON, jointly and severally, individually and as an authorized agent of Defendant PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs;

B. Judgment against the Defendant, CARL D. HAMILTON, jointly and severally, individually and as an authorized agent of Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs; and,

C. For such further relief as this Honorable Court deems just and equitable.

## COUNT II – NEGLIGENCE – CARL D. HAMILTON, individually and as an authorized agent of A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC.,

26. Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and every Defendant.

27. At all times relevant hereto Defendant HAMILTON owed a legal duty to exercise reasonable care in the operation of the semi-truck to comply with any and all traffic devices and to avoid injuring other persons driving upon the roadway, including the plaintiff herein SAMARDZIC.

28. The Defendant HAMILTON acted negligent and failed to exercise reasonable care in the operation of the semi-truck he was driving, by committing one or more or all of the following acts and/or omissions:

    a. Failed to maintain a proper lookout for traffic;

    b. Failed to properly turn on and utilize his turn signal, in violation of 625 ILCS 5/11-804;

    c. Operated his semi-truck at a rate of speed which was unsafe safe with regard to traffic conditions then and there present and the use of the highway at that present time, in violation of 625 ILCS 5/11-601(a);

Exhibit A

FILED DATE: 5/6/2021 1:27 PM   20213002385

d. Failed to properly over-take a vehicle, by moving to the left of that vehicle, in violation of 625 ILCS 5/11-703;

e. Failed to allow a safe distance before returning to the same lane of travel and/or same right side of roadway after overtaking a vehicle, in violation of 625 ILCS 5/11-703(a);

f. Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

g. Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601;

h. Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

29.    As a proximate result of the defendant CARL D. HAMILTON's negligent acts and/or omissions the Plaintiff, RAMILO SAMARDZIC suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make his whole again, all as a direct result of the conduct of Defendant HAMILTON.

WHEREFORE, the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

A.   Judgment against the Defendant, CARL D. HAMILTON, jointly and severally, individually and as an authorized agent of Defendant PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs;

B.   Judgment against the Defendant, CARL D. HAMILTON, jointly and severally, individually and as an authorized agent of Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs; and,

Exhibit A

FILED DATE: 5/6/2021 1:27 PM    2021300238S

C. For such further relief as this Honorable Court deems just and equitable.

## COUNT III – RESPONDEAT SUPERIOR – PLATES & PERMITS TRUCKING SERVICES, INC

30.     Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and every Defendant.

31.     At all times relevant hereto the Defendant HAMILTON acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the control of, via temporary leasehold or otherwise, Defendant PLATES & PERMITS.

32.     At all times relevant hereto the Defendant PLATES & PERMITS, both directly as well as by and through any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein RADMILO SAMARDZIC.

33.     The Defendant, PLATES & PERMITS, by and through their agent, HAMILTON, acted negligently and failed to exercise reasonable care in the operation of the truck HAMILTON was driving, by committing one or more or all of the following negligent acts and/or omissions:

   a.   Failed to maintain a proper lookout for traffic;

   b.   Failed to properly turn on and utilize his turn signal, in violation of 625 ILCS 5/11-804;

   c.   Operated his semi-truck at a rate of speed which was unsafe safe with regard to traffic conditions then and there present and the use of the highway at that present time, in violation of 625 ILCS 5/11-601(a);

   d.   Failed to properly over-take a vehicle, by moving to the left of that vehicle, in violation of 625 ILCS 5/11-703;

   e.   Failed to allow a safe distance before returning to the same lane of travel and/or same right side of roadway after overtaking a vehicle, in violation of 625 ILCS 5/11-703(a);

   f.   Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

   g.   Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601;

   h.   Defendant Hamilton plead guilty to violating 625 ILCS 6/11-601(a);

Exhibit A

i.     Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

34.     As a proximate result of the defendant PLATES & PERMIT's negligent acts and/or omissions, by and through their authorized agent and/or employee, CARL D. HAMILTON, the Plaintiff, RADMILO SAMARDZIC, suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant PLATES & PERMITS TRUCKING SERVICES, INC.

WHEREFORE, the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

A.    Judgment against the Defendant PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs;

B.    For such further relief as this Honorable Court deems just and equitable.

### COUNT IV – RESPONDEAT SUPERIOR – A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC.

35.     Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and every Defendant.

36.     At all times relevant hereto the Defendant HAMILTON acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the control of Defendant A&T.

37.     At all times relevant hereto the Defendant A&T, both directly as well as by and through any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein RADMILO SAMARDZIC.

8

Exhibit A

38.   The Defendant, A&T, by and through their agent, HAMILTON, acted negligently and failed to exercise reasonable care in the operation of the truck HAMILTON was driving, by committing one or more or all of the following negligent acts and/or omissions:

    a.  Failed to maintain a proper lookout for traffic;

    b.  Failed to properly turn on and utilize his turn signal, in violation of 625 ILCS 5/11-804;

    c.  Operated his semi-truck at a rate of speed which was unsafe safe with regard to traffic conditions then and there present and the use of the highway at that present time, in violation of 625 ILCS 5/11-601(a);

    d.  Failed to properly over-take a vehicle, by moving to the left of that vehicle, in violation of 625 ILCS 5/11-703;

    e.  Failed to allow a safe distance before returning to the same lane of travel and/or same right side of roadway after overtaking a vehicle, in violation of 625 ILCS 5/11-703(a);

    f.  Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

    g.  Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601;

    h.  Defendant Hamilton plead guilty to violating 625 ILCS 6/11-601(a);

    i.  Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

39.   As a proximate result of the defendant A&T's negligent acts and/or omissions, by and through their authorized agent and/or employee, CARL D. HAMILTON, the Plaintiff, RADMILO SAMARDZIC, suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC.,

    **WHEREFORE,** the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

9

Exhibit A

FILED DATE: 5/6/2021 1:27 PM  2021300285

A.  Judgment against the Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs; and,

B.  For such further relief as this Honorable Court deems just and equitable.

## COUNT V – NEGLIGENCE – PLATES & PERMITS TRUCKING SERVICES, INC.

40.  Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and every Defendant.

41.  At all times relevant hereto, upon information and belief, the Defendant PLATES & PERMITS participated in and acted as sub-leasee/leasee, within the State of Illinois, of the semi-truck involved in the collision alleged in this complaint.

42.  At all times relevant hereto the defendant PLATES & PERMITS, both directly as well as by and through any authorized agent and/or employee, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein RADMILO SAMARDZIC.

43.  The Defendant PLATES & PERMITS, both independently as well and by and through their agent, HAMILTON, acted negligently and failed to exercise reasonable care in the conducting of their business operations, by committing one or more or all of the following negligent acts and/or omissions:

   a.  Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

   b.  Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

   c.  Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

   d.  Failed to properly hire, train, re-train and/or ensure that their employee and/or agent CARL D. HAMILTON was prepared and/or otherwise knowledgeable and able to operate

Exhibit A

FILED DATE: 5/6/2021 1:27 PM    20213002385

and control the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

e. Failed to properly authorize, oversee and/or control their employee and/or agent CARL D. HAMILTON so as to ensure that he was capable of operating and controlling the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

44.     As a proximate result of the defendant PLATES & PERMITS's negligent acts and/or omissions, both independently and/or by and through their authorized agent, CARL D. HAMILTON, the Plaintiff, RADMILO SAMARDZIC, suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant PLATES & PERMITS TRUCKING SERVICES, INC.

WHEREFORE, the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

A.  Judgment against the Defendant PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs;

B.  For such further relief as this Honorable Court deems just and equitable.

**COUNT VI – NEGLIGENCE – A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC.**

45.     Plaintiff re-alleges and re-incorporates as if fully stated herein, all paragraphs of the "FACTS" section where such are each and all applicable and appropriately alleged within each and every count, against each and every Defendant.

46.     At all times relevant hereto, upon information and belief, the Defendant A&T participated in and acted as an owner and potentially sub-leasor, within the State of Illinois, of the semi-truck involved in the collision alleged in

Exhibit A

this complaint.

47.    At all times relevant hereto the defendant A&T, both directly as well as by and through any authorized

agent and/or employee, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or

trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein RADMILO

SAMARDZIC.

48.    The Defendant A&T, both independently as well and by and through their agent, HAMILTON, and/or

their agent PLATES & PERMITS and their agent, HAMILTON, acted negligently and failed to exercise reasonable

care in the conducting of their business operations, by committing one or more or all of the following negligent acts

and/or omissions:

    a.  Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

    b.  Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

    c.  Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

    d.  Failed to ensure that their leasee/sub-leasee, PLATES & PERMITS, was capable of properly hiring, training, and/or re-training co-Defendant CARL D. HAMILTON to ensure that he was able to properly and legally operate and control the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

    e.  Failed to properly authorize, oversee, and/or control their employee and/or agent PLATES & PERMITS, to ensure they were able to oversee and/or control their own employee and/or agent, CARL D. HAMILTON so as to ensure that he himself was capable of operating and controlling the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

    f.  Failed to properly hire, train, re-train and/or ensure that their employee and/or agent CARL D. HAMILTON was prepared and/or otherwise knowledgeable and able to operate and control the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

    g.  Failed to properly authorize, oversee and/or control their employee and/or agent CARL D. HAMILTON so as to ensure that he was capable of operating and controlling the semi-truck involved in the aforementioned collision with Plaintiff SAMARDZIC which gave rise to this litigation;

49.    As a proximate result of the defendant A&T's negligent acts and/or omissions, both independently

and/or by and through their authorized agent, CARL D. HAMILTON, the Plaintiff, RADMILO SAMARDZIC, suffered

FILED DATE: 5/6/2021 1:27 PM  2021S002385

Exhibit A

FILED DATE: 5/6/2021 1:27 PM   2021D002385

both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC.

WHEREFORE, the Plaintiff, RADMILO SAMARDZIC prays for the following relief:

A.   Judgment against the Defendant A&T TRUCKING EXPRESS, INC., a dissolved corporation, a/k/a and d/b/a PLATES & PERMITS TRUCKING SERVICES, INC., in favor of the Plaintiff, RADMILO SAMARDZIC, in such a sum of money damages in excess of $100,000.00 and as will fully and fairly compensate the Plaintiff for his injuries and damages, plus costs; and,

B.   For such further relief as this Honorable Court deems just and equitable.

Dated: May 4, 2021

Respectfully Submitted

By: /s/ *Erin A. Adamski*
One of Plaintiff's Attorneys

Gary A. Newland
Erin A. Adamski
NEWLAND & NEWLAND, LLP.
121 S. Wilke Rd., Ste. 301
Arlington Heights, IL 60005
(847) 797-8000
erin@newlandlaw.com
gary@newlandlaw.com
paralegal.newland3@gmail.com
Attorneys for Plaintiff

13

Exhibit A

## Chicago Clerk

**From:** erin@newlandlaw.com
**Sent:** Monday, June 28, 2021 11:07 AM
**To:** Jon P. Malartsik; gary@newlandlaw.com
**Cc:** sylvia@newlandlaw.com
**Subject:** RE: File: 97223 Claim No 61a200204: Samardzic vs. Hamilton, et al; Court No. 21 M3 002385

Thank you Jon. I appreciate that as well as the additional information. I will let my paralegal know that she need not pursue service of A&T any longer.

I'll watch for your responsive pleadings and let me know if you need an extension of time.

Respectfully,
Erin

*Co-chair of Northwest Bar Association's Women in the Law Committee*
Northwest Suburban Bar Association (nwsba.org)

*Erin A. Adamski*
Attorney at Law
Newland & Newland LLP.
121 South Wilke Rd., Suite 301
Arlington Heights, IL 60005
(Office) 847.797.8000 x114
(Cell) 630.853.5385
(Facsimile) 847.797.9090
erin@newlandlaw.com

***Please be advised that this e-mail is for correspondence only and is not the proper email address for accepting electronic service. Any/all pleadings, notices, and other documentation served electronically pursuant to Illinois Supreme Court Rule 11(b) and in conformance with Illinois Supreme Court Rule 131(d) must be served at the following email address: paralegal.newland3@gmail.com***

*Please be further advised that this email and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.*

**From:** Jon P. Malartsik <jpmalartsik@kopkalaw.com>
**Sent:** Monday, June 28, 2021 10:35 AM
**To:** erin@newlandlaw.com; gary@newlandlaw.com
**Subject:** Samardzic vs. Hamilton, et al; Court No. 21 M3 002385

Erin –

1

**Exhibit B**

We have no conflicts, and I will be appearing for Mr. Hamilton and for A&T Trucking. The client (A&T) agreed to allow me to accept service on its behalf. For your information, A&T Trucking, LLC is the proper name for my client, and it is an Iowa corporation. We have no knowledge of the company "Plates & Permits" or how you found its name, but I did see that it was the registered agent for an Illinois corporation named A&T Trucking Express, Inc. which is now dissolved and has no connection to my client.

Our appearance should be on file later this afternoon.

Thanks,
Jon

**Jon P Malartsik** | Senior Attorney



**KOPKA PINKUS DOLIN** PC
200 West Adams, Suite 1200
Chicago, IL 60606
**T:** 312.782.9920 | **F:** 312.782.9965
**Direct:** 312.702.8530 | **Cell:** 630.479.0059

**Offices in Illinois, Indiana, Michigan, Kentucky and Wisconsin**

website | vCard | map | email

**From:** erin@newlandlaw.com <erin@newlandlaw.com>
**Sent:** Sunday, June 27, 2021 9:23 AM
**To:** Jon P. Malartsik <jpmalartsik@kopkalaw.com>; gary@newlandlaw.com
**Subject:** RE: File: 97223 Claim No 61a200204: Samardzic vs. Hamilton, et al; Court No. 21 M3 002385

Jon,

Thank you and I look forward to hearing back regarding waiving service and coverage – always happy to do so.

And yes, as of now and for the foreseeable future, Rolling Meadows remains by Zoom. It will, along with the rest of Cook as I am sure you know, for quite some time. Unlike the conservative DuPage and Kane, Cook will be a while!

Have a great Sunday! (Quit working!)

Respectfully,
Erin

*Co-chair of Northwest Bar Association's Women in the Law Committee*
Northwest Suburban Bar Association (nwsba.org)

*Erin A. Adamski*
Attorney at Law
Newland & Newland LLP.
121 South Wilke Rd., Suite 301
Arlington Heights, IL 60005
(Office) 847.797.8000 x114

Exhibit B

(Cell) 630.853.5385
(Facsimile) 847.797.9090
erin@newlandlaw.com

*Please be advised that this e-mail is for correspondence only and is not the proper email address for accepting electronic service. Any/all pleadings, notices, and other documentation served electronically pursuant to Illinois Supreme Court Rule 11(b) and in conformance with Illinois Supreme Court Rule 131(d) must be served at the following email address: paralegal.newland3@gmail.com*

*Please be further advised that this email and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.*

**From:** Jon P. Malartsik <jpmalartsik@kopkalaw.com>
**Sent:** Saturday, June 26, 2021 2:48 PM
**To:** erin@newlandlaw.com; gary@newlandlaw.com
**Subject:** RE: Samardzic vs. Hamilton, et al; Court No. 21 M3 002385

Erin –

Thank you for providing me with this information. Assuming conflicts clear on Monday, I will run your request to waive service for A&T Trucking past the client. Since I will be appearing for both Hamilton and A&T, that should not be a problem.

As for the status conference on July 19th, I appreciate the offer to cover it and will let you know if we need that time. By the way, are the status conferences in Rolling Meadows in person or by Zoom?

Thanks,
Jon

**Jon P Malartsik** | Senior Attorney



**KOPKA PINKUS DOLIN** PC
200 West Adams, Suite 1200
Chicago, IL 60606
**T:** 312.782.9920 | **F:** 312.782.9965
**Direct:** 312.702.8530 | **Cell:** 630.479.0059

Offices in Illinois, Indiana, Michigan, Kentucky and Wisconsin

website | vCard | map | email

**From:** erin@newlandlaw.com <erin@newlandlaw.com>
**Sent:** Saturday, June 26, 2021 8:23 AM
**To:** Jon P. Malartsik <jpmalartsik@kopkalaw.com>; gary@newlandlaw.com
**Subject:** RE: Samardzic vs. Hamilton, et al; Court No. 21 M3 002385

Jon,

Exhibit B

I would be happy to do that, but there is no date set for Monday as it was stricken pursuant to Court order, attached hereto. We have been attempting to serve your client but have been unable to successfully do so thus far and have only effectuated service upon Mr. Hamilton himself thus far, it is my understanding. Will you be appearing on behalf of both? I attached the affidavit of service as well, for your convenience, if that will be the case. And if so, would you be willing to waive service on A&T Trucking to keep things more efficient and expedient here? In return, I'd be happy to step up on July 19th, *which is the next date,* and advise that you are doing so and obtain an extension of time for you to complete your conflict checks and get your appearance formally filed as well as your responsive pleadings.

Work cooperatively to get things done right?

Have a wonderful weekend. Chat soon.

Respectfully,
Erin

*Co-chair of Northwest Bar Association's Women in the Law Committee*
<u>Northwest Suburban Bar Association (nwsba.org)</u>

**Erin A. Adamski**
Attorney at Law
Newland & Newland LLP.
121 South Wilke Rd., Suite 301
Arlington Heights, IL 60005
(Office) 847.797.8000 x114
(Cell) 630.853.5385
(Facsimile) 847.797.9090
erin@newlandlaw.com

***Please be advised that this e-mail is for correspondence only and is not the proper email address for accepting electronic service. Any/all pleadings, notices, and other documentation served electronically pursuant to Illinois Supreme Court Rule 11(b) and in conformance with Illinois Supreme Court Rule 131(d) must be served at the following email address: <u>paralegal.newland3@gmail.com</u>***

*Please be further advised that this email and any files with it are confidential attorney-client communication or may otherwise be privileged or confidential, and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but delete it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.*

**From:** Jon P. Malartsik <jpmalartsik@kopkalaw.com>
**Sent:** Friday, June 25, 2021 6:11 PM
**To:** erin@newlandlaw.com; gary@newlandlaw.com
**Subject:** Samardzic vs. Hamilton, et al; Court No. 21 M3 002385
**Importance:** High

Hi Erin –

Exhibit B

Late this afternoon, I was contacted by Sentry Insurance Company to represent Mr. Hamilton and A&T Trucking in the above-referenced lawsuit. We still need to clear conflicts, and I don't think I will have an answer from our conflicts staff before Monday morning when it appears that there is a status hearing set at 9:00 a.m. Can you advise the court of our impending appearance and send me a copy of the order? I will confirm on Monday whether we will be filing an appearance or not.

Thanks,
Jon

**Jon P Malartsik** | Senior Attorney



**KOPKA PINKUS DOLIN** PC
200 West Adams, Suite 1200
Chicago, IL 60606
**T:** 312.782.9920 | **F:** 312.782.9965
**Direct:** 312.702.8530 | **Cell:** 630.479.0059

**Offices in Illinois, Indiana, Michigan, Kentucky and Wisconsin**

website | vCard | map | email

Note: This e-mail may contain confidential information. If you have received this e-mail without being the proper recipient, you are hereby notified that any review, copying or distribution of it is strictly prohibited. Please inform us immediately and destroy the original transmittal. Please visit www.kopkalaw.com for other information concerning our firm

This email has been scanned for email related threats and delivered safely by Mimecast.

Note: This e-mail may contain confidential information. If you have received this e-mail without being the proper recipient, you are hereby notified that any review, copying or distribution of it is strictly prohibited. Please inform us immediately and destroy the original transmittal. Please visit www.kopkalaw.com for other information concerning our firm

This email has been scanned for email related threats and delivered safely by Mimecast.

Note: This e-mail may contain confidential information. If you have received this e-mail without being the proper recipient, you are hereby notified that any review, copying or distribution of it is strictly prohibited. Please inform us immediately and destroy the original transmittal. Please visit www.kopkalaw.com for other information concerning our firm

This email has been scanned for email related threats and delivered safely by Mimecast.

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RADMILLO SAMARDZIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| A&T TRUCKING EXPRESS, INC., | ) | Cook County Case No. 21 M3 002385 |
| CARL D. HAMILTON, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF CARL D. HAMILTON

Under penalties of perjury, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true:

1. I am over the age of 18 years old, and I am competent to testify to the matters asserted herein.

2. I reviewed the Complaint filed by the Plaintiff in this action, and I am familiar with the allegations therein.

3. I currently reside in Waterloo, Iowa.

4. I am a citizen of the state of Iowa.

5. I hereby consent to the removal of the Complaint filed by Radmilo Samardzic from Illinois state court to the United States District Court, Northern District of Illinois.

Dated this _15_ day of July 2021.

By: _Carl D. Hamilton_
Carl D. Hamilton

Exhibit C

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Carl D. Hamilton

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RADMILLO SAMARDZIC,                )
                                   )
    Plaintiff,                     )
                                   )
    vs.                            )   No.
                                   )
A&T TRUCKING EXPRESS, INC.,        )   Cook County Case No. 21 M3 002385
CARL D. HAMILTON, ET AL.           )
                                   )
    Defendants.                    )

### <u>AFFIDAVIT OF MERIMA OKANOVIC</u>

Under penalties of perjury, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that ~~he~~ *she* verily believes the same to be true:

1. I am over the age of 18 years old, and I am competent to testify to the matters asserted herein.

2. I am currently the owner and sole member of A&T TRUCKING, LLC.

3. I reviewed the Complaint filed by the Plaintiff in this action, and I am familiar with the allegations therein.

4. The Plaintiff has incorrectly identified the name of my company in the Complaint, as it has never been and is not known as A&T Trucking Express, Inc.

5. The principal place of business for A&T TRUCKING, LLC is in Waterloo, Iowa.

6. A&T TRUCKING, LLC is incorporated in the state of Iowa.

7. A&T TRUCKING, LLC is a resident and citizen of the state of Iowa and not a citizen of the state of Illinois.

8. I am the only member of A&T TRUCKING, LLC, and I am a resident and citizen of the state of Iowa.

Dated this __12__ day of July 2021.

By: _____
          Merima Okanovic

Exhibit D

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Merima Okanovic

Exhibit D